## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into on this 9th day of December, 2013 by and between **Francisco J. Rugama (hereinafter referred to as "Rugama") and other similarly-situated individuals and NOA Investments, LLC d/b/a, Ciao Piada. (hereinafter referred to as "NOA") and Marcelo Bonti (hereinafter referred to as "Bonti").**

**WHEREAS,** Franklin Antonio Jara, Esquire instituted the following civil action:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 13-CV-24073 Altonaga/Simonton

against **NOA AND Bonti** for unpaid wages, overtime wages and/or minimum wage violations; and,

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1. This agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing. **Rugama, NOA, and Bonti** ("the Parties") have entered into this Agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation. **NOA AND Bonti** deny that **Rugama** was ever an employee of either **NOA AND/OR Bonti**.

2. Upon final payment as specified *infra* and pursuant to this Agreement, all Parties, through their counsel, agree to file a Notice of Settlement with the Court, and if necessary, a Notice of Dismissal With Prejudice as to **NOA, Bonti, AND Orfali Azrak Naim**, dismissing this case, including all claims and all counterclaims which were or may have been brought solely between and amongst **Rugama**, with prejudice.

3. In consideration of this Agreement, and in full and final settlement of any claims which were made by **Rugama** in the aforementioned lawsuit, **NOA AND Bonti** within 10 days of approval of settlement, make full payment to **Rugama** and his attorney, as follows:

   a. $2500.00 will be paid to **Rugama**. An IRS Form 1099 will be issued to **Rugama** in connection with this payment.

1

b.    $1,500.00 made payable to Jara & Associates, P.A. (EIN 271222932) as reasonable fees and costs of this action. An IRS Form 1099 will be issued to Jara & Associates, P.A. in connection with this payment.

4.    Time is of the essence as to all payments due under this agreement. Payments shall be made within 10 days of approval of settlement and delivered to Jara & Associates, P.A.

All late payments shall bear simple interest at 1.5% per month. If an action for collection of any amounts due under this agreement, including interest owed, and/or enforcement of this agreement is instituted, the prevailing party will be entitled to a reasonable attorney's fee and all costs.

5.    In consideration and conditioned upon receipt of the final payment as described above, **Rugama** does hereby release and forever discharge, **NOA, Bonti, AND Orfali Azrak Naim**, and their predecessors, successors, assigns, affiliated companies, shareholders, administrators, partners, officers, directors, employees, agents and attorneys from any and all claims that were asserted, or could have been asserted, in the aforementioned civil action, Case No. 13-CV-24073 Altonaga/Simonton. Additionally, in consideration of the mutual promises stated above, **NOA, Bonti, AND Orfali Azrak Naim** do/does hereby release and forever discharge, **Rugama** and his predecessors, successors, assigns, affiliated companies, shareholders, administrators, partners, officers, directors, employees, agents and attorneys from any and all counterclaims that were asserted and/or could have been asserted in the aforementioned civil action, Case No. 13-CV-24073 Altonaga/Simonton.

6.    Except as otherwise agreed in Paragraph 3 of this Agreement, the parties shall bear their own attorney's fees and costs.

7.    This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be made in writing.

8.    This Agreement shall be interpreted and construed under the laws of the State of Florida.

9.    In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to and have consulted with an attorney before signing it.

10.    This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

11.    This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

All the undersigned hereby acknowledge the terms as set forth above, understand them pursuant to the advice of counsel, and agree to enforcement of same, and, in witness thereof, the undersigned have hereunto executed this agreement, this ___9___ day of __December__, 2013.

**[INTENTIONALLY LEFT BLANK]**
**[SIGNATURE PAGES TO FOLLOW]**

[signature]

Francisco J. Rugama
By: _Francisco J. Rugama_
Title: _____


STATE OF FLORIDA          )
                          )   SS:
COUNTY OF Miami-Dade      )

    The foregoing Settlement Agreement dated Dec 9, 2013, was acknowledged before me this 9 day of December 2013 by Francisco J. Rugama. who is personally known to me or who produced _____ as identification and who did not take an oath.

_____
Notary Public – State of Florida

My Commission Expires:

FRANKLIN JARA
MY COMMISSION # EE 085136
EXPIRES: August 17, 2015
Bonded Thru Notary Public Underwriters

[signature]

**NOA INVESTMENTS, LLC D/B/A, CIAO PIADA.**
By: Leun De Grazia
Title: Owner


STATE OF FLORIDA       )
                       )  SS:
COUNTY OF Miami-Dade   )

The foregoing Settlement Agreement dated 12/9, 2013, was acknowledged before me this 9 day of December 2013 by Leuin De Graba, as Owner/Manager of, **NOA INVESTMENTS, LLC D/B/A, CIAO PIADA.** who is personally known to me or who produced Fl drivers license as identification and who did not take an oath.

[signature]
Notary Public – State of Florida

My Commission Expires:

Jesy Rodriguez Leon
COMMISSION # EE 178677
EXPIRES: MAR. 12, 2016
WWW.AARONNOTARY.com

5

*[signature]*

Levin de Grazia
By: Levin DE Grazia
Title: Owner

STATE OF FLORIDA        )
                        )  SS:
COUNTY OF Miami-Dade    )

The foregoing Settlement Agreement dated 12/9, 2013, was acknowledged before me this 9 day of December 2013 by Levin De Grazia, as Levin de Grazia who is personally known to me or who produced Fl drivers license as identification and who did not take an oath.

*[signature]*
Notary Public – State of Florida

My Commission Expires:

*[notary seal]*
Jesy Rodriguez Leon
COMMISSION # EE 178677
EXPIRES: MAR. 12, 2016
WWW.AARONNOTARY.com

6